Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1765 | **DATE** | 5/16/2011 |
| **CASE TITLE** | Angiulo vs. The United States of America | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's reconsideration motion [25]. The Court also strikes Plaintiff's response to Defendant's motion to dismiss for failure to exhaust – which is part of his motion for reconsideration – as non-responsive. Plaintiff must file his response brief addressing Defendant's arguments by no later than 5/23/11. Defendants' reply is due on or before 6/6/11.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

    Before the Court is Plaintiff Frank Angiulo's motion for reconsideration regarding the Court's April 19, 2011 minute order granting Defendant's motion to vacate the order permitting further discovery and denying Plaintiff's motion for remand. For the following reasons, the Court, in its discretion, denies Plaintiff's reconsideration motion. The Court also strikes Plaintiff's response to Defendant's motion to dismiss for failure to exhaust – which is part of his motion for reconsideration – as non-responsive. Plaintiff must file his response brief addressing Defendant's arguments by no later than May 23, 2011. Defendants' reply is due on or before June 6, 2011.

### BACKGROUND

    On March 5, 2011, Angiulo filed an action in the Circuit Court of Cook County, Illinois bringing claims sounding in tort – defamation and intentional infliction of emotional distress – against his supervisor at the Internal Revenue Service, Sonja Ra'Vonn Hall. On March 14, 2011, the United States removed Angiulo's Complaint from the Circuit Court of Cook County. The notice of removal was filed in accordance with 28 U.S.C. § 2679(d)(2) upon certificate by the Attorney General of the United States that Hall was acting within the scope of her employment as a federal government employee at the time of the incidents out of which Angiulo's claims arose. Also pursuant to Section 2679(d)(1), the United States was substituted as the sole federal defendant in lieu of Hall.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

On March 24, 2011, the Court held a motion hearing and entered the United States' motion to dismiss for failure to exhaust administrative remedies. The Court also set a deadline for Anguilo's motion to remand. On March 30, 2011, Anguilo filed a motion for an extension of time and leave to conduct discovery. In his motion, Anguilo stated the following:

> To appropriately, reasonably and responsibly ensure the development of a sufficiently thorough and complete factual basis necessary for adequate preparation of a Motion for Remand; Plaintiff's counsel respectful moves this Honorable Court for leave to conduct special and limited discovery of the factual predicate, principles applied and protocol which led to the certification executed on March 11, 2011 by the Chief Civil Division, US Attorney's Office for the Northern District of Illinois attesting to the conclusion that the actions of Sonja Ra'Vonn Hall addressed in the complaint and specifically the filing of a false report to the Agency Inspector General, fell within the scope of her employment as an employee of the United States of America.

(R. 12-1, 3/30/11 Motion, at 2.) No where in his motion does Anguilo mention that he was also seeking discovery to reverse the substitution of the United States as Defendant. Also, at the motion hearing, Anguilo's counsel made no such request.

The Court granted Plaintiff's motion and granted leave to take discovery on April 5, 2011. The Court further directed the parties to meet and confer regarding this limited discovery on or before April 8, 2011 and to file a proposed discovery plan on April 11, 2011. Instead of filing a joint proposed discovery plan, Defendant United States filed a motion to vacate the order permitting further discovery.

The Court granted Defendant's motion to vacate on April 19, 2011. In particular, the Court reviewed Anguilo's motion for discovery as challenging the scope of Hall's employment as a basis to remand this matter to the Circuit Court of Cook County. The Court concluded that Anguilo's discovery request was unwarranted because "[o]nce the Attorney General makes a scope-of-federal-employment certification, the suit must be resolved on the merits in federal court even if the certification is mistaken." *Daniels v. Liberty Mut. Ins. Co.,* 484 F.3d 884, 887 (7th Cir. 2007); *see also Osborn v. Haley,* 549 U.S. 225, 241, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007) ("Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted.").

## LEGAL STANDARD

Because the Court's April 19, 2011 minute order did not dispose of this case in its entirety, the Court reviews Anguilo's reconsideration motion under Federal Rule of Civil Procedure 54(b), which states in relevant part:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Accordingly, under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders because such orders may be revised at any time before the Court enters a final judgment. *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.,* 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable"). Motions for reconsideration under Rule 54(b) serve the limited function of correcting manifest errors of law or fact. *See*

*Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987); *Zurich Capital Mkt., Inc. v. Coglianese,* 383 F.Supp.2d 1041, 1045 (N.D. Ill. 2005). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). Whether to grant a motion for reconsideration is "entrusted to the sound judgment of the district court." *Matter of Prince,* 85 F.3d 314, 324 (7th Cir. 1996); *see also United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010).

## ANALYSIS

In his motion for reconsideration, Anguilo maintains that he was seeking discovery not only to remand this matter, but to challenge the substitution of the United States as Defendant. Anguilo asserts that he understood that his motion for discovery addressed both the remand and the reversal of the substitution of the United States. The Court did not understand his motion as such based on the fact that Anguilo never mentioned his desire to challenge the substitution of the United States in his discovery motion, at the motion hearing, or in his motion to remand. Nevertheless, the Court will address Anguilo's motion for discovery in the context of the substitution of the United States as Defendant.

The "Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Alexander v. Mount Sinai Hosp. Med. Ctr.,* 484 F.3d 889, 891 (7th Cir. 2007) (citing 28 U.S.C. § 2679(b)(1); *Osborn v. Haley,* 549 U.S. 225, 127 S.Ct. 881, 887, 166 L.Ed.2d 819 (2007)). As such, "[w]hen a federal employee is sued, the Westfall Act empowers the Attorney General to certify, if appropriate, that the employee was acting within the scope of his or her employment at the time of the incident in question." *Alexander,* 585 F.3d at 891. "If the Attorney General issues such a certification, the employee is dismissed from the action and the United States is substituted as the defendant in place of the employee and the lawsuit is governed by the Federal Tort Claims Act ("FTCA")." *Id.;* 28 U.S.C. § 2679(d)(1).

Under Section 2679(d)(1), however, the "Attorney General's certification that a federal employee was acting within the scope of his employment – a certification the executive official, in cases of the kind at issue, has a compelling interest to grant – does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 434, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995). Put differently, "[t]he plaintiff may challenge the substitution of the United States as the sole defendant, however, by contesting the scope certification and arguing that the employee defendant was not acting within the scope of employment at the time the tortious conduct occurred." *Taboas v. Mlynczak,* 149 F.3d 576, 579 n.1 (7th Cir. 1998). In *Ezkiel v. Michel*, 66 F.3d 894, 896 (7th Cir. 1995), for example, the plaintiffs brought a tort action in federal court against a physician who worked at a Veterans Administration hospital after which the United States intervened and sought to have itself substituted for defendant physician. In the context of the plaintiff challenging the substitution of the United States as the sole defendant, the Seventh Circuit stated that "once the Attorney General certifies that a defendant employee was acting within the scope of his federal employment, the plaintiff bears the burden of demonstrating otherwise." *Id.* at 899; *see also Taboas*, 149 F.3d at 582 ("plaintiff bears the burden of demonstrating that the Attorney General's scope certification was erroneous").

It is undisputed that Illinois law governs the Court's determination of whether Hall's actions fell within the scope of her employment. *See Snodgrass v. Jones,* 957 F.2d 482, 484 (7th Cir. 1992). Illinois courts follow the Restatement (Second) of Agency § 228 when determining whether an employee's actions are within the scope of her employment. *See Adames v. Sheahan,* 233 Ill.2d 276, 298-99, 330 Ill.Dec. 720, 909 N.E.2d 742, 755 (Ill. 2009). The Restatement identifies three criteria used to make this determination:

(1) Conduct of a servant is within the scope of employment if, but only if:

(a) it is of the kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits;

(c) it is actuated, at least in part, by a purpose to serve the master.

*Rodman v. CSX Intermodal, Inc.,* 405 Ill.App.3d 332, 336, 345 Ill.Dec. 215, 938 N.E.2d 1136 (Ill.App.Ct. 2010) (quoting Restatement (Second) of Agency § 228 (1958)). "Even if the employee is acting out of malice, ill will, or self-interest, his conduct may still fall within the scope of employment so long as it is motivated, at least in part, by a purpose to serve the master." *Copeland v. County of Macon, Ill.,* 403 F.3d 929, 934 (7th Cir. 2005) (citing *Taboas*, 149 F.3d at 582-83). In the context of Section 2679(d)(1) certifications, district courts may make scope of employment decisions on the pleadings. *See Taboas,* 149 F.3d at 580; *see also Wuterich v. Murtha,* 562 F.3d 375, 382, 385 (D.C. Cir. 2009) ("there is no right to even limited discovery in a Westfall Act case unless and until a plaintiff alleges sufficient facts to rebut the Government's certification").

In his Complaint, Anguilo alleges that he was employed by the Internal Revenue Service ("IRS") in the Tax Exempt & Government Entities Division. (R. 1-1, Compl. ¶¶ 4, 5.) He further alleges that Hall, his supervisor, was a Group Manager, also known as a Supervisory Revenue Agent. (*Id.* ¶ 5.) Anguilo states that on or around September 26, 2008, Hall made a false report to IRS management and personnel officials, including to his second line supervisor, Janice Gore, and to the Agency Inspector General. (*Id.* ¶ 14.) Anguilo alleges that Hall falsely reported that his co-workers told Hall that they felt threatened by him at a September 2008 meeting. (*Id.* ¶ 15.) Anguilo alleges that at Hall's January 26, 2010 deposition in a related employment discrimination action, Hall admitted that no employee ever communicated to her that they felt threatened by Anguilo's conduct at the September 2008 meeting. (*Id.* ¶ 21.) In his motions for discovery and reconsideration, Anguilo argues that Hall deliberately and maliciously filed a false report with the Agency Inspector General.

From the exhibits Anguilo has provided the Court, Hall's "false report" was based on more than her statement that Anguilo's co-workers felt threatened. *See* Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Indeed, the September 2008 meeting and consequent report concerned Anguilo's flexi-place agreement and his failure to respond to Halls' phone calls and emails. (R. 23-3., Pl.'s Ex. C. 9/28/10 Counseling Memo.) In addition, at the meeting, Anguilo yelled at Hall. (*Id.*) Meanwhile, Janice Gore closed the investigation into Hall's report with a cautionary statement because she addressed his outburst in a counseling memorandum in September 2008. (*Id.*; R. 25-1, Pl.'s Ex. Gore 2/09 letter.) Also, other exhibits in the record reveal that Hall herself felt threatened by Anguilo's outburst and that Anguilo admitted to raising his voice at Hall because she discontinued his flexi-place agreement for thirty days. (R. 25-1, 12/03/08, Report of Investigation, R. 23-2, Hall Dep., at 59-60.) Hall also testified that Anguilo called her a liar. (*Id.*)

Based on the record, even if Hall's conduct was malicious and deliberate as Anguilo claims, her conduct in reporting Anguilo's disruptive behavior fell within the scope of employment because she was Anguilo's supervisor. *See Copeland,* 403 F.3d at 934. To clarify, Anguilo's second line supervisor acted on Hall's report and noted that Anguilo yelled at Hall and that this conduct was inappropriate at the workplace. In the September 2008 Counseling Memorandum, Gore explained to Anguilo that his loud and inappropriate outbursts caused disruption in the workplace. Therefore, Hall's conduct in reporting Anguilo's allegedly unprofessional behavior fell within the scope of her employment as Hall's first line supervisor. *See Bagent v. Blessing Care Corp.,* 224 Ill.2d 154, 168, 308 Ill.Dec. 782, 862 N.E.2d 985 (Ill. 2007) ("an act is outside of the scope of employment if it has no connection with the conduct the employee is required to perform"). Accordingly, the Court denies Anguilo's motion for reconsideration because he has failed to allege sufficient facts to rebut the Government's certification.